## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SANDRIDGE ENERGY, INC., *et al.*,[1] | § | Case No. 16-32488 (DRJ) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

SandRidge Energy, Inc. ("SandRidge") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), under section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1 of the of the Bankruptcy Local Rules of for the Southern District of Texas (the "Bankruptcy Local Rules").

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: SandRidge Energy, Inc. (4793); 4th Street Properties, LLC (N/A); Black Bayou Exploration, L.L.C. (0561); Braniff Restaurant Holdings, LLC (2453); CEBA Gathering, LLC (6478); CEBA Midstream GP, LLC (0511); CEBA Midstream, LP (7252); Cholla Pipeline, L.P. (5092); Cornhusker Energy, L.L.C. (4609); FAE Holdings 389322R, LLC (N/A); Integra Energy, L.L.C. (7527); Lariat Services, Inc. (0702); MidContinent Resources, LLC (6928); Mistmada Oil Company, Inc. (3032); Piñon Gathering Company, LLC (5943); Sabino Exploration, LLC (1929); Sagebrush Pipeline, LLC (0515); SandRidge CO2, LLC (7903); SandRidge Exploration and Production, LLC (6535); SandRidge Holdings, Inc. (8401); SandRidge Midstream, Inc. (1148); SandRidge Operating Company (1245); SandRidge Realty, LLC (6079); Sierra Madera CO2 Pipeline, LLC (1558); and WTO Gas Gathering Company, LLC (N/A). The location of the Debtors' service address is: 123 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflects the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Julian Bott, the Debtors' Chief Financial Officer, has signed each of the Schedules and Statements. Mr. Bott is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Bott necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Bott has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1.  **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, but inadvertent errors or omissions may exist. The Debtors reserve all rights to: (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim") is asserted; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does

not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

For the avoidance of doubt, the Debtors' restructuring is predicated on the compromise and settlement of Claims, interests in Debtors ("Interests"), and controversies that is included in and contemplated by: (i) the *Joint Chapter 11 Plan of Reorganization of SandRidge Energy, Inc. and its Debtor Affiliates* [Docket No. 60] (the "Plan"); (ii) the *Restructuring Support Agreement* (the "Restructuring Support Agreement"), which is attached as Exhibit B to the *Declaration of Julian Bott, Chief Financial Officer of SandRidge Energy, Inc., In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 22]; and (iii) the *Interim Order (I) Authorizing Postpetition Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Lenders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 507, Bankruptcy Rules 2002, 4001, and 9014, and Local Bankruptcy Rules 4001-1(b) and 4002-1 and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(B)* [Docket No. 84], including the final order when applicable (the "Cash Collateral Order"). Specifically, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, which distributions and other benefits shall be irrevocable and not subject to challenge upon the Effective Date, the provisions of the Plan shall constitute a good-faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Allowed Interest (as such terms are defined in the Plan), or any distribution to be made on account of such Allowed Claim or Interest. Nothing in the Schedules or Statements is intended to, shall be construed as, or shall have the effect of, modifying, changing, or otherwise affecting the Plan, the Restructuring Support Agreement, or the Cash Collateral Order.

2. **Description of Cases and "As Of" Information Date**. On May 16, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On May 16, 2016, the Bankruptcy Court entered the *Order Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 20]. On June 7, 2016, the United States Trustee for the District of Texas filed the *Notice of Reconstituted Committee of Unsecured Creditors* pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 193].

The asset information provided herein represents the asset data of the Debtors as of the close of business on April 30, 2016, except as otherwise noted.  The liability information provided herein represents the liability data of the Debtors as of the Petition Date, except as otherwise noted.

3.     **Net Book Value of Assets**.  Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of April 30, 2016.  The book values of certain assets may materially differ from their fair market values and/or the Debtors' enterprise valuation prepared in connection with the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of SandRidge Energy, Inc. and Its Debtor Affiliates* [Docket No. 61] (the "Disclosure Statement").  More information regarding the Debtors' valuation analysis can be found in Exhibit E to the Disclosure Statement [Docket No. 249].  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the commodity price environment and may differ materially from the actual value and/or performance of the underlying assets.  Given the recent volatility of commodity prices, this difference is material.  As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

4.     **Recharacterization**.  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

5.     **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their

rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, and accrued accounts payable.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

   The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis.  As discussed below, prepetition liabilities which have been paid postpetition or those which the Debtors plan to pay via this authorization might not be listed in the Schedules and Statements.

7. **Insiders**.  For purposes of the Schedules and Statements, the Debtors defined "insiders" pursuant to section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing.  Persons listed as "insiders" have been included for informational purposes only and by including them in the Schedules, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to:  (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

8. **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9. **Executory Contracts**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

10. **Classifications**.  Listing (a) a Claim on Schedule D as "secured;" (b) a Claim on Schedule E/F as "priority;" (c) a Claim on Schedule E/F as "unsecured;" or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

11.     **Claims Description**.  Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

12.     **Causes of Action**.  Despite their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

13.     **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

        •       Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

        •       Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

        •       Paid Claims.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain outstanding liabilities that have been reduced by postpetition payments made on account of prepetition liabilities have been designated as either contingent or unliquidated.  To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to

amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

14. **<u>Currency</u>**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15. **<u>Intercompany Payables and Receivables</u>**. Intercompany payables and receivables between the Debtors are set forth on Schedule E/F or Schedule A/B.77, as applicable. Intercompany payables and receivables are reported as gross amounts and reflect unallocated balances on account of pre-merger activity. For purposes of reporting gross amounts, the unallocated payable and receivable balances have been listed in the Schedules of SandRidge Energy, Inc.

As described more fully in the *Debtors' Emergency Motion for Entry of an Order Authorizing the Debtors to (I) Continue to Operate Their Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto, (III) Maintain Existing Business Forms, and (IV) Perform Intercompany Transactions* [Docket No. 10] (the "<u>Cash Management Motion</u>"), the Debtors' parent entity maintains a deposit account, which serves as the centralized main operating account, that provides funding to the other accounts in the Debtors' cash management system.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

16. **<u>Setoffs</u>**. The Debtors periodically incur certain setoffs in the ordinary course of business.

Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, refunds, negotiations, and/or disputes between Debtors and their customers regarding regulatory or governmental impositions costs incurred by Debtors, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

17.   **Employee Addresses**.   Employee addresses have been removed from entries listed throughout the Schedules and Statements, where applicable.

18.   **Global Notes Control**.  In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedules Summary**.   Except as otherwise noted, the asset information provided herein represents the Debtors' data regarding their assets as of April 30, 2016, and the liability information provided herein represents the Debtors' data regarding their liabilities as of the Petition Date.

For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements.   Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated.   Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.   Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.   Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

**Schedule A/B.3**.   The bank account balances listed are as of the Petition Date.

**Schedule A/B.11**.   In the ordinary course of the Debtors' businesses, cash settlements must occur after the completion of an accounting settlement cycle, which typically takes 60 days following the end of a production month.   The timeframe to calculate a net proceed for a given production month requires the following steps:   (1) invoicing of joint interest partners and purchasers, (2) payment of capital and operating expenses, (3) receipt of gross sales revenues, (4) receipt of gross gathering, processing, and transportation expense payments, (5) receipt of joint interest billing payments, and (6) disbursement of payments to royalty owners.   These steps are necessarily accomplished over the span of 60 days following the end of a production month. Accordingly, there is a significant amount of accounts receivable owed to the Debtors as of the Petition Date which will be recouped or reimbursed in the ordinary course of business.

**Schedule A/B.15**.   Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests.   For purposes of these Schedules, the Debtors have listed an undetermined value for the equity interests of all subsidiaries and

8

affiliates. The book values of certain assets may materially differ from their fair market values and/or the Debtors' enterprise valuation prepared in connection with the Disclosure Statement.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the commodity price environment and may differ materially from the actual value and/or performance of the underlying assets. Given the recent volatility in commodity prices, this difference is material. As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

**Schedule A/B.55**. Certain of the instruments reflected on Schedule A/B.55 may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B.55. The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule A/B.55, including any oil and gas lease or similar arrangement, is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B.55, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

The Debtors have made best efforts to list all contracts relating to real property rights in Schedule A/B.55. However, not all of the Debtors' executory contracts are listed in Schedule A/B. See Schedule G for each Debtor for a listing of that Debtor's executory contracts.

**Schedule A/B.77**. The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

**Schedule D**. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. SandRidge is the issuer or borrower, and certain of the other Debtors are guarantors, under prepetition secured debt. Although there are numerous beneficial holders of such debt, only the administrative agents or indenture trustees have been listed for purposes of Schedule D, where applicable. The amounts outstanding under the Debtors' prepetition secured debt reflect approximate amounts as of the Petition Date.

**Schedule E/F**. The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

Under the *Order Authorizing the Payment of Certain Prepetition and Post-Petition Taxes and Fees* [Docket No. 92], the Bankruptcy Court granted the Debtors authority to pay the prepetition Claims of regulatory Authorities on account of Taxes and Fees. The amounts accrued and payable on account of such Claims may not be reflected on the Schedule E/F.

Under the *Order Authorizing Payment of Mineral Payments and Working Interest Disbursements* [Docket No. 9] (the "Royalty Order"), the Bankruptcy Court granted the Debtors authority to pay the prepetition Claims of holders of non-operating working interests, royalty interests, and similar interest burdens in the wells operated by the Debtors. The amounts accrued and payable on account of such interests ("Working Interest and Royalty Disbursements") may not be reflected on the Schedule E/F.

Under the *Interim Order Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (II) Continue Employee Benefits Programs* [Docket No. 87] (the "Wages Order"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to any order that has been entered by the Bankruptcy Court. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Wages Order.

As described in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Working Interest Costs, Joint Interest Billings, Production Sale Expenses, and 503(b)(9) Claims and (II) Confirming Administrative Expense Priority of Outstanding Orders* [Docket No. 8], certain parties listed in Schedule E/F may assert liens against the Debtors' property. The Debtors reserve all rights with respect to the validity of such liens.

Potential claims related to certain litigation and regulatory proceedings that may impact multiple Debtor subsidiaries may be listed only in Schedule F for Debtor SandRidge Energy, Inc.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

**Schedule G**. Although commercially reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, the Debtors' review is

ongoing at the time of the filing of the Schedules and Statements, and inadvertent errors, omissions or over-inclusion may have occurred in preparing Schedule G.  In spite of best efforts, in some instances, the Debtors may not have been able to identify which Debtor entity is party to a particular contract.  Any such contracts have been listed in Schedule G for Debtor SandRidge Energy, Inc.  Certain of the instruments reflected on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not separately set forth on Schedule G.  The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract within the meaning of section 365 of the Bankruptcy Code.  The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

Certain confidentiality and non-compete agreements may not be listed on Schedule G.  The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.  In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

**Schedule H**.  Although there are multiple beneficial holders of the Debtors' prepetition debt, only the administrative agents and indenture trustees have been listed on Schedule H.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 2**.  For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates historically prepare consolidated financial statements.  Unlike those consolidated financial statements, Statement 2 reflects the non-business revenue of each Debtor on a nonconsolidated basis.  Accordingly, non-business revenue reported for individual Debtors may be shown in the Statements as revenue for that Debtor, whereas on a consolidated basis, may be shown as a net expense.

**Statement 3**.  In Statement 3, disbursements made on account of multiple invoices may be reflected as a single payment.

Statement 3 reflects cash payments only, and all disbursements listed in Statement 3 are made through the Debtors' cash management system.  As described more fully in the Cash Management Motion, each of SandRidge's principal operating subsidiaries maintains a master deposit account that collects revenue generated by, and makes payments associated with, its operating activities, including wire and automated-clearing-house ("ACH") transfers.  A controlled-disbursement account for the processing of outbound checks—as opposed to wires, ACH transfers, and other payment methods—is linked to each of these principal subsidiary operating accounts.  Disbursements from such accounts are reflected in the applicable Debtor's Statement 3.

Statement 3 may include remittances on account of Working Interest and Royalty Disbursements.  Amounts collected on account of Working Interest and Royalty Disbursements may not be property of the Debtors' estates.

**Statement 4**.  Directors and officers listed as transferees in Statement 4 for SandRidge may be (i) directors or officers of SandRidge as well as directors or officers of other Debtors or non-Debtor affiliates, (ii) directors or officers of one or more Debtors or non-Debtor affiliates other than SandRidge, or (iii) former directors or officers no longer employed by the Debtors.

Statement 4 does not include payments made to certain employee benefit providers in the ordinary course for the benefit of employee insiders.

**Statement 11**.   All disbursements listed in Statement 11 were initiated and disbursed by SandRidge Operating Company, but were for the benefit of all Debtors.

**Statement 13**.  The Debtors do not take any position with respect to whether transfers identified in the response to Question 13 in the Statements are made in the ordinary course of business.  Certain transfers listed in this response are included solely out of an abundance of caution.

**Statement 21**.  Under the Royalty Order, the Debtors are authorized to make payments on account of Working Interest and Royalty Disbursements.  The Debtors have not included these amounts on Statement 21.  The Debtors reserve all rights with respect to the characterization of such amounts.

**Statement 26d**.   Certain of the Debtors are registrants with the Securities and Exchange Commission and file with such agency periodic financial reports on a consolidated basis.  These reports also contain information about those Debtors' finances and are available publically through the Company's website.

**Statement 31**.  Certain Debtors or their predecessor entities may have submitted tax filings as part of a different consolidated tax group prior to their acquisition by the Debtors.  Such filings are not listed in Statement 31 as they do not relate to the Debtors.

---

**Fill in this information to identify the case:**

Debtor name  SandRidge Energy, Inc.

United States Bankruptcy Court for the:  Southern                District of Texas
                                                                (State)

Case number (If known):   16-32488 (DRJ)

---

☐ Check if this is an
   amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

---

| **Part 1:** | **Income** |
|---|---|

**1. Gross revenue from business**

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date | From _____ to   Filing date<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For prior year: | From _____ to _____<br>MM / DD / YYYY      MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| For the year before that: | From _____ to _____<br>MM / DD / YYYY      MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|---|
| From the beginning of the fiscal year to filing date | From 1/1/2016 to   Filing date<br>MM / DD / YYYY | See attached rider | $   $42,073,079.02 |
| For prior year: | From 1/1/2015 to 12/31/2015<br>MM / DD / YYYY      MM / DD / YYYY | | $   $642,212,507.00 |
| For the year before that: | From 1/1/2014 to 12/31/2014<br>MM / DD / YYYY      MM / DD / YYYY | | $   $450,676.00 |

---

Debtor   SandRidge Energy, Inc.                                    Case number (if known) 16-32488 (DRJ)
         _____
         Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |

**3.  Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | See attached rider<br>_____<br>Creditor's name<br>_____<br>Street<br>_____<br>_____<br>City          State     ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2. | _____<br>Creditor's name<br>_____<br>Street<br>_____<br>_____<br>City          State     ZIP Code | _____<br><br>_____<br><br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

**4.  Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | _____<br>Insider's name<br>_____<br>Street<br>_____<br>City          State     ZIP Code<br><br>Relationship to debtor<br>_____ | _____<br><br>_____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |
| 4.2. | _____<br>Insider's name<br>_____<br>Street<br>_____<br>City          State     ZIP Code<br><br>Relationship to debtor<br>_____ | _____<br><br>_____<br><br>_____ | $_____ | _____<br><br>_____<br><br>_____ |

| Debtor | SandRidge Energy, Inc. | Case number (*if known*) 16-32488 (DRJ) |
|---|---|---|
| | Name | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| **5.1.** | | | |
| Creditor's name | | _____ | $_____ |
| Street | | | |
| City          State          ZIP Code | | | |
| **5.2.** | | | |
| Creditor's name | | _____ | $_____ |
| Street | | | |
| City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | _____ | $_____ |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

---

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| **7.1.** See attached rider | | Name | ☐ Pending |
| | | | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |
| **7.2.** Case title | | Court or agency's name and address | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |

---

Debtor    SandRidge Energy, Inc.                                                    Case number *(if known)* 16-32488 (DRJ)
              Name

---

8.  **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| See attached rider | _____ | $_____ |
| Custodian's name | | |
| _____ | **Case title** | **Court name and address** |
| Street | | |
| _____ | _____ | Name |
| City        State        ZIP Code | **Case number** | Street |
| | _____ | City        State        ZIP Code |
| | **Date of order or assignment** | |
| | _____ | |

---

## Part 4:   Certain Gifts and Charitable Contributions

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. | | | |
| Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2. | | | |
| Recipient's name | _____ | _____ | $_____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | | | |

---

Debtor    SandRidge Energy, Inc.                                    Case number (if known) 16-32488 (DRJ)
          _____
          Name

| Part 6: | Certain Payments or Transfers |
| --- | --- |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.1. | See attached rider | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.2. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State     ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- | --- |
| | _____ | _____ | _____ | $_____ |
| | **Trustee** | _____ | | |
| | _____ | | | |

Debtor    SandRidge Energy, Inc.                                    Case number (if known) 16-32488 (DRJ)
          Name

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | Street | | | |
| | _____ | | | |
| | City            State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | **Who received transfer?** _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | Street | | | |
| | _____ | | | |
| | City            State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | See attached rider | From _____ To _____ |
| | Street | |
| | _____ | |
| | City            State     ZIP Code | |
| 14.2. | _____ | From _____ To _____ |
| | Street | |
| | _____ | |
| | City            State     ZIP Code | |

Debtor  SandRidge Energy, Inc.                                          Case number (if known) 16-32488 (DRJ)
        Name

---

| Part 8: | Health Care Bankruptcies |

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

[X] No. Go to Part 9.

[ ] Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. | | |
| Facility name | | |
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City          State          ZIP Code | | Check all that apply:<br>[ ] Electronically<br>[ ] Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. | | |
| Facility name | | |
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| City          State          ZIP Code | | Check all that apply:<br>[ ] Electronically<br>[ ] Paper |

---

| Part 9: | Personally Identifiable Information |

**16. Does the debtor collect and retain personally identifiable information of customers?**

[ ] No.

[X] Yes. State the nature of the information collected and retained. Certain contact and tax information

   Does the debtor have a privacy policy about that information?

   [ ] No

   [X] Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

[ ] No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

   [ ] No. Go to Part 10.

   [X] Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| Sandridge Energy, Inc. 401(k) Plan | EIN: 2 0 – 8 0 8 4 7 9 3 |

   Has the plan been terminated?

   [X] No

   [ ] Yes

---

Debtor  SandRidge Energy, Inc.                                          Case number (if known) 16-32488 (DRJ)
_____
Name

---

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | See attached rider<br>_____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State          ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State          ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name<br>_____<br>Street<br>_____<br>City          State          ZIP Code | _____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| See attached rider<br>_____<br>Name<br>_____<br>Street<br>_____<br>City          State          ZIP Code | _____<br>_____<br>**Address**<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

---

Official Form 207          Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          page 8

| Debtor | SandRidge Energy, Inc. | Case number (if known) 16-32488 (DRJ) |
|---|---|---|
| | Name | |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ _____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☐ No
☒ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| See attached rider | | | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

Debtor    SandRidge Energy, Inc.
<br>Name                                         Case number (*if known*) 16-32488 (DRJ)

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | See attached rider<br>Name<br><br>Street<br><br>City          State          ZIP Code | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____   To _____ |
| 25.2. | **Business name and address**<br><br>Name<br><br>Street<br><br>City          State          ZIP Code | **Describe the nature of the business** | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____   To _____ |
| 25.3. | **Business name and address**<br><br>Name<br><br>Street<br><br>City          State          ZIP Code | **Describe the nature of the business** | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____   To _____ |

---

Debtor  _SandRidge Energy, Inc._____  Case number _(if known)_ _16-32488 (DRJ)_____
           Name

---

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. See attached rider | From _____   To _____ |
| Name | |
| Street | |
| City            State        ZIP Code | |

| Name and address | Dates of service |
|---|---|
| 26a.2. | From _____   To _____ |
| Name | |
| Street | |
| City            State        ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. PRICEWATERHOUSE COOPERS LLP<br>PO BOX 952282<br>DALLAS, TX 75395-2282 | From 5/17/2014   To  Present |

| Name and address | Dates of service |
|---|---|
| 26b.2. | From _____   To _____ |
| Name | |
| Street | |
| City            State        ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. See attached rider | _____ |
| Name | _____ |
| Street | _____ |
| City            State        ZIP Code | |

---

Debtor   SandRidge Energy, Inc.   Case number (if known) 16-32488 (DRJ)
         Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | |
| Street | |
| City          State          ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1. See attached rider |
| Name |
| Street |
| City          State          ZIP Code |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City          State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City          State          ZIP Code |

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        page **12**

Debtor    SandRidge Energy, Inc._____    Case number *(if known)* 16-32488 (DRJ)_____
          Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|

27.2.
_____
Name
_____
Street
_____
_____
City                          State      ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See attached rider | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See attached rider | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City          State   ZIP Code | _____ | _____ | _____ |
| **Relationship to debtor** | | _____ | |
| | | _____ | |

Debtor  SandRidge Energy, Inc.
_____
Name

Case number (if known) 16-32488 (DRJ)
_____

| Name and address of recipient | | | |
|---|---|---|---|
| 30.2 | | _____ _____ _____ | |
| | Name _____ | _____ | |
| | Street _____ | _____ | |
| | _____ | _____ | |
| | City _____ State _____ ZIP Code _____ | _____ | |
| | **Relationship to debtor** | _____ | |
| | _____ | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| SandRidge Energy, Inc. | EIN: 20-8084793 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/25/2016
_____
MM / DD / YYYY

✖ /s/ Julian M. Bott
_____
Signature of individual signing on behalf of the debtor

Printed name  Julian M. Bott
_____

Position or relationship to debtor  Authorized Signatory
_____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☒ Yes

Debtor Name: SandRidge Energy, Inc.                                    Case Number: 16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 1, Question 2:** Non-business revenue

| From Date | To Date | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| 1/1/2016 | 5/15/2016 | Gain on extinguishment of debt | $ 41,179,082 |
| 1/1/2016 | 5/15/2016 | Interest income | $893,997.02 |
| 1/1/2015 | 12/31/2015 | Gain on extinguishment of debt | $ 641,131,241 |
| 1/1/2015 | 12/31/2015 | Interest income | $1,081,266 |
| 1/1/2014 | 12/31/2014 | Interest income | $ 450,676 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Debtor Name: SandRidge Energy, Inc.                                                  Case Number: 16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

| Item | Name and address | Check or wire number | Reason for payment | Payment date | Total payment amount |
|------|------------------|---------------------|--------------------|--------------|---------------------|
| 1 | ROYAL BANK OF CANADA TORONTO 1 LIBERTY PLAZA NEW YORK, NY 10006-1404 | | | | |
| | | 7000926 | Secured debt | 02/29/2016 | $1,335,466.22 |
| | | 7000929 | Secured debt | 03/31/2016 | $149,890.20 |
| | | 7000930 | Secured debt | 03/31/2016 | $498,907.79 |
| | | 7000931 | Secured debt | 03/31/2016 | $3,731.27 |
| | | 7000932 | Secured debt | 03/31/2016 | $1,339,878.56 |
| | | 7000934 | Secured debt | 04/08/2016 | $68,428.45 |
| | | 7000941 | Secured debt | 04/29/2016 | $1,251,233.35 |
| | | 1001 | Secured debt | 05/11/2016 | $40,000,000.00 |
| | | | **SUBTOTAL** | | **$44,647,535.84** |
| 2 | SUNTRUST BANK PO BOX 4418 MAIL CODE 633 ATLANTA, GA 30302 | | | | |
| | | 7000921 | Bank | 02/17/2016 | $5,000,000.00 |
| | | | **SUBTOTAL** | | **$5,000,000.00** |
| 3 | THE DEPOSITORY TRUST CO PO BOX 27590 NEW YORK, NY 10087-7590 | | | | |
| | | 7000935 | Suppliers or vendors | 04/06/2016 | $292.06 |
| | | 7000936 | Suppliers or vendors | 04/06/2016 | $489.13 |
| | | 7000937 | Suppliers or vendors | 04/06/2016 | $5,797.98 |
| | | | **SUBTOTAL** | | **$6,579.17** |
| 4 | US BANK NATIONAL ASSOCIATION 5555 SAN FELIPE SUITE 1150 HOUSTON, TX 77056 | | | | |
| | | 7000920 | Secured debt | 02/29/2016 | $4,212,761.13 |
| | | 7000923 | Secured debt | 03/15/2016 | $1,362,760.00 |
| | | 7000922 | Secured debt | 03/21/2016 | $356,906.67 |
| | | 7000933 | Secured debt | 03/23/2016 | $5,000.00 |
| | | 7000939 | Secured debt | 04/18/2016 | $1,653,193.75 |
| | | | **SUBTOTAL** | | **$7,590,621.55** |
| 5 | WELLS FARGO BANK MINNESOTA N A CORPORATE TRUST MAC N9303-120 SIXTH & MARQUETTE MINNEAPOLIS, MN 55479 | | | | |
| | | 7000927 | Unsecured loan repayments | 03/07/2016 | $5,000.00 |
| | | 7000925 | Unsecured loan repayments | 03/15/2016 | $20,383,537.50 |
| | | 7000924 | Unsecured loan repayments | 03/16/2016 | $28,416,262.50 |
| | | 7000938 | Unsecured loan repayments | 04/18/2016 | $21,439,315.63 |
| | | 7000940 | Unsecured loan repayments | 04/20/2016 | $7,375.50 |
| | | 7000942 | Unsecured loan repayments | 05/04/2016 | $5,000.00 |
| | | | **SUBTOTAL** | | **$70,256,491.13** |
| | | | **GRAND TOTAL** | | **$127,501,227.69** |

Debtor Name:          SandRidge Energy, Inc.                                                Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 3:** Certain payments or transfers to creditors within 90 days before filing this case

**Statement 3.**  In Statement 3, disbursements made on account of multiple invoices may be reflected as a single payment.

Statement 3 reflects cash payments only, and all disbursements listed in Statement 3 are made through the Debtors' cash management system.  As described more fully in the Cash Management Motion, each of SandRidge's principal operating subsidiaries maintains a master deposit account that collects revenue generated by, and makes payments associated with, its operating activities, including wire and automated-clearing-house ("ACH") transfers.  A controlled-disbursement account for the processing of outbound checks—as opposed to wires, ACH transfers, and other payment methods—is linked to each of these principal subsidiary operating accounts.  Disbursements from such accounts are reflected in the applicable Debtor's Statement 3.

Statement 3 may include remittances on account of Working Interest and Royalty Disbursements.  Amounts collected on account of Working Interest and Royalty Disbursements may not be property of the Debtors' estates.

Debtor Name:          SandRidge Energy, Inc.                                    Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| John Barfield and Tanya Barfield, Individually and as next friends of Christopher Barfield and Kaitlin Barfield, Minor Children v. SandRidge Energy, Inc. and Jose Pepe Saenz | Case No. 19,145 | Personal Injury | 109TH JUDICIAL DISTRICT  COURT OF ANDREWS COUNTY, TEXAS | Pending |
| John Barfield and Tanya Barfield, Individually and as next friends of Christopher Barfield and Kaitlin Barfield, Minor Children v. SandRidge Energy, Inc. and Jose Pepe Saenz | Case No. 19,145 | Personal injury | 109TH JUDICIAL DISTRICT  COURT OF ANDREWS COUNTY, TEXAS | Pending |
| Elmer Don Humphrey v. SandRidge Energy, Inc. | Case No. 19,689 | Personal Injury | 109TH JUDICIAL DISTRICT  COURT OF ANDREWS COUNTY, TEXAS | Concluded |
| Hussein Ghazali v. Lariat Services Inc. and SandRidge Energy, Inc. | Cause No. 11526 | Personal Injury | 112th Judicial District Court of Pecos County, Texas | Concluded |
| JSA Properties Ltd., et al., v. SandRidge Energy, Inc. et al | Case No. P-11681-112-CV | Breach of Contract | 112TH JUDICIAL DISTRICT COURT OF PECOS COUNTY, TEXAS | Pending |
| GKM Mineral Partners, LP, f/k/a Mitchell Mineral Partnership v. SandRidge Energy, Inc., SandRidge Exploration and Production, LLC, SandRidge Tertiary, LLC, OXY USA, Inc., Trinity CO2, LLC, and  Integra Energy, L.L.C. | Cause No. 3123 | Breach of Contract | 83RD DISTRICT COURT OF TERRELL COUNTY, TEXAS | Pending |
| Steven Painter, Tonya Wright, Individually and as Representative of the Estate of Earl A. Wright, III, Deceased et al  v. Amerimex Drilling, I Ltd, J.C. Burchett, and SandRidge Energy, Inc. | Cause No. P-6666-83-CV | Personal injury | 83RD JUDICIAL DISTRICT COURT, PECOS COUNTY, TEXAS | On appeal |
| Steven Painter et al v. SandRidge Energy, Inc. et al | Cause No. P-6666-83-CV | Personal Injury | 83RD JUDICIAL DISTRICT COURT, PECOS COUNTY, TEXAS | On appeal |
| Wesley West Minerals, Ltd. And Longfellow Ranch Partners v. SandRidge Energy Inc. and SandRidge Exploration | Cause No. 6955 | Breach of Contract | 83RD JUDICIAL DISTRICT COURT, PECOS COUNTY, TEXAS | Pending |
| Wesley West Minerals, Ltd. And Longfellow Ranch Partners v. SandRidge Energy Inc. and SandRidge Exploration | Cause No. 6955 | Breach of Contract | 83RD JUDICIAL DISTRICT COURT, PECOS COUNTY, TEXAS | Pending |
| Chon Cantu v. Hondo Heavy Haul, Inc., Lariat Services, Inc., and SandRidge Energy, Inc. | Cause No. 7151 | Personal injury | 83RD JUDICIAL DISTRICT COURT, PECOS COUNTY, TEXAS | Pending |

Debtor Name:          SandRidge Energy, Inc.                                    Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Joseph Molander v. McMoRan Exploration Co. and Gulf Crane Services | Cause No. CV-67931 | Personal injury | COUNTY CIVIL COURT AT LAW NO. 1, GALVESTON COUNTY, TEXAS | Pending |
| Joseph Molander v. McMoRan Exploration Co. and Gulf Crane Services | Cause No. CV-67931 | Personal Injury | COUNTY CIVIL COURT AT LAW NO. 1, GALVESTON COUNTY, TEXAS | Pending |
| L.H. Chaney Materials, Inc. v. Blackrock Services, LLC; and SandRidge Energy, Inc. | Case No. CS-15-9 | Breach of Contract | DISTRICT COURT FOR ALFALFA COUNTY, OKLAHOMA | Pending |
| L.H. Chaney Materials, Inc. v. Blackrock Services, LLC; and SandRidge Energy, Inc. | Case No. CS-15-9 | Breach of Contract | DISTRICT COURT FOR ALFALFA COUNTY, OKLAHOMA | Pending |
| Robert Maddux v. SandRidge Energy, Inc., Lariat Services, Inc., et al. | Case No. CJ-2015-14, | Personal Injury | DISTRICT COURT FOR ALFALFA COUNTY, OKLAHOMA | |
| Robert Maddux v. SandRidge Energy, Inc., Lariat Services, Inc., et al. | Case No. CJ-2015-14, | Personal injury | DISTRICT COURT FOR ALFALFA COUNTY, OKLAHOMA | Pending |
| L.H. Chaney Materials, Inc. v. 3-T Trucking, Inc.; and SandRidge Energy, Inc. | Case No. CS-15-21 | Breach of Contract | DISTRICT COURT FOR GRANT COUNTY, OKLAHOMA | Pending |
| L.H. Chaney Materials, Inc. v. 3-T Trucking, Inc.; and SandRidge Energy, Inc. | Case No. CS-15-21 | Breach of Contract | DISTRICT COURT FOR GRANT COUNTY, OKLAHOMA | Pending |
| Casing Crews, Inc. v. SandRidge Energy, Inc. | Case No. CJ-16-09 | Unjust Enrichment | DISTRICT COURT FOR GRANT COUNTY, OKLAHOMA | Pending |
| Harold Koppitz v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0427 | Price Fixing and Antitrust Violations | DISTRICT COURT FOR WOODS COUNTY, OKLAHOMA | Concluded |
| John C. Mitchell, Jr., Steven V. Redgate, Connie S. Redgate, Ryan Redgate, and Monica Shepard v. SandRidge Exploration and Production, LLC, and SandRidge Energy, Inc. | CJ-2013-10 | Quite Title, Cancellation of title and Slander of Title | DISTRICT COURT FOR WOODS COUNTY, OKLAHOMA | Pending |

Debtor Name:        SandRidge Energy, Inc.                                    Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Harold Koppitz v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0427 | Price Fixing and Antitrust Violations | DISTRICT COURT OF COMANCHE COUNTY, KANSAS | Concluded |
| Steven Fox v. Cimarron Acid & Frac, SandRidge Energy, Inc., and John Doe | Cause No. DC-14-12553 | Wrongful Termination | DISTRICT COURT OF DALLAS COUNTY, TEXAS | Concluded |
| Long Resources, Inc. v. SandRidge Energy, Inc. | CJ-2012-19 | Property Damage | DISTRICT COURT OF GRANG COUNTY, OKLAHOMA | Concluded |
| Robin Anderson v. Bobby Siemens, Individually, and SandRidge Energy, Inc. | Case No. CJ-2014-3159 | Personal injury | DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA | Pendin |
| Paul Turner and Leigh Ann Turner v. SandRidge Energy, Inc. | Case No. CJ-2014-5730 | Personal injury | DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA | Pending |
| Dale Hefner, Derivatively on Behalf of SandRidge Energy, Inc. v. SandRidge Energy, Inc., Nominal Defendant et al | Case No. CJ-2013-63 | Breach of Fiduciary Duty | DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA | Pending |
| Dwaine Reynolds, as next of kin to Daniel Reynolds, deceased v. Patterson-UTI Energy Inc., Road Runner Trucking L.L.C., and SandRidge Energy, Inc. | Case No. CJ-2016-2107 | Personal injury/Death | DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA | Pending |
| Casing Crews, Inc. v. SandRidge Energy, Inc. | Case No. CJ-16-09 | Breach of Contract | DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA | Pending |
| Julian Rios v. Basic Energy Services v. SandRidge Energy, Inc. and LCB Resources, Inc. | Case No. CJ-2015-861, | Personal injury | DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA | Pending |
| Primavera Resources, Inc. v. SandRidge Energy, Inc. | Case No. P-11827-112-CV | Breach of Contract | DISTRICT COURT OF PECOS COUNTY, TEXAS | Concluded |

Debtor Name:        SandRidge Energy, Inc.                                    Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Wesley Mallory and Towanda Mallory v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No.CJ-16-63-R | Price Fixing and Antitrust Violations | DISTRICT COURT OF STEPHENS COUNTY, OKLAHOMA | Pending |
| Michael Meridyth & M&S Oilfield Service v. SandRidge Energy, Inc. | Case No. 16,362 | Work related injury | DISTRICT COURT OF WINKLER COUNTY, TEXAS, 109TH JUDICIAL DISTRICT | Pending |
| Robin Anderson v. Bobby Siemens, Individually, and SandRidge Energy, Inc. | Case No. CJ-2014-3159 | Personal Injury | DISTRICT COURT OF WINKLER COUNTY, TEXAS, 109TH JUDICIAL DISTRICT | Pending |
| Dale Hefner, Derivatively on Behalf of SandRidge Energy, Inc. v. SandRidge Energy, Inc., Nominal Defendant et al | Case No. CJ-2013-63 | Breach of Fiduciary Duty | DISTRICT COURT OF WINKLER COUNTY, TEXAS, 109TH JUDICIAL DISTRICT | |
| Dwaine Reynolds, as next of kin to Daniel Reynolds, deceased v. Patterson-UTI Energy Inc., Road Runner Trucking L.L.C., and SandRidge Energy, Inc. | Case No. CJ-2016-2107 | Personal Injury/Death | DISTRICT COURT OF WINKLER COUNTY, TEXAS, 109TH JUDICIAL DISTRICT | Pending |
| Julian Rios v. Basic Energy Services v. SandRidge Energy, Inc. and LCB Resources, Inc. | Case No. CJ-2015-861, | Personal Injury | DISTRICT COURT OF WINKLER COUNTY, TEXAS, 109TH JUDICIAL DISTRICT | Pending |
| Paul Turner and Leigh Ann Turner v. SandRidge Energy, Inc. | Case No. CJ-2014-5730 | Personal Injury | DISTRICT COURT OF WINKLER COUNTY, TEXAS, 109TH JUDICIAL DISTRICT | Pending |
| Denis Carlson as Trustee of the Gilbert L. Carlson Trust, dated July 19, 1999 et al v. SandRidge Exploration and Production, LLC, Atinum Midcon I, and Repsol E&P USA Inc. | Case No. CJ-15-24 | Breach of Contract | DISTRICT COURT OF WOODS COUNTY, OKLAHOMA | Concluded |

Debtor Name:        SandRidge Energy, Inc.                                          Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Denis Carlson as Trustee of the Gilbert L. Carlson Trust, dated July 19, 1999 et al v. SandRidge Exploration and Production, LLC, Atinum Midcon I, and Repsol E&P USA Inc. | Case No. CJ-15-24 | Breach of Contract | DISTRICT COURT OF WOODS COUNTY, OKLAHOMA | Concluded |
| Donna Eggleston v. SandRidge Energy, Inc., et al. | Case No. CV-2015-9 | Breach of Contract | DISTRICT COURT OF WOODS COUNTY, OKLAHOMA | Concluded |
| Wesley Mallory and Towanda Mallory v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No.CJ-16-63-R | Price Fixing and Antitrust Violations | KANSAS HUMAN RIGHTS COMMISSION | |
| In the Matter of Accurate Safety Compliance & SandRidge Energy, Inc./Cardenas | | Wrongful Termination | OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION | Concluded |
| | | Potential Violation of Securities Laws | SECURITIES AND EXCHANGE COMMISSION | Pending |
| | | Potential Violation of Securities Laws | SECURITIES AND EXCHANGE COMMISSION | Pending |
| | | Potential Violation of Securities Laws | SECURITIES AND EXCHANGE COMMISSION | Pending |
| Michael Meridyth & M&S Oilfield Service v. SandRidge Energy, Inc. | Case No. 16,362 | Work Related Injury | SECURITIES AND EXCHANGE COMMISSION | Pending |
| Michelle White v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy Corp., and Tom L. Ward | Case No. 16-CV-0351-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| Mickey Peck v. SandRidge Energy, Inc. | Case No. CIV-15-0950-F | Wage Dispute | United States District Court, Western District of Oklahoma | Pending |

| Debtor Name: | SandRidge Energy, Inc. | | Case Number: | 16-32488 (DRJ) |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Paul Elliot, on Behalf of the Paul Elliot IRA R/O, Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward and SandRidge Energy, Inc., Nominal Defendant et al | Case No. CIV-13-0102-W | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | On appeal |
| Richard A. McWilliams v. SandRidge Energy, Inc. and Tom L. Ward, et al | Case No. CIV-15-1001-D | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | |
| Curtis L. Crandall and Janet K. Crandall v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0306-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| Kevin T. Stocker v. SandRidge Energy, Inc., and Thomas L. Ward et al | Case No. 16-CV-0390-D | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | Pending |
| Laborers Pension Trust Fund for Northern Nevada, Construction Laborers Pension Trust of Greater St. Louis, Vladimir and Angelica Galkin, Judith Greenberg, Charles Blackburn, and Ted Odell v. SandRidge Energy, Inc. and Tom L. Ward et al | Case No. CIV-12-1341-W | Violation of Federal Securities Laws | United States District Court, Western District of Oklahoma | On appeal |
| Lisa Ezell, et al., Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-13-0286-W | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | |
| Louis Carbone, on behalf of Himself and All Others Similarly Situated v. SandRidge Energy, Inc., et. al. | Case No. CIV-13-0019-W | Violation of Federal Securities Laws | United States District Court, Western District of Oklahoma | |
| Mahony-Killian, Inc., Edward Clark, Inc., and Cynthia Ann Schoeppel v. Chesapeake Energy Corp., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0358-M | Violation of Antitrust Laws | United States District Court, Western District of Oklahoma | |
| Garvin Holdings, L.L.C. v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Corp., and Tom L. Ward | Case No. 16-CV-0297-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |

| Debtor Name: | SandRidge Energy, Inc. | | Case Number: | 16-32488 (DRJ) |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Arthur I. Levine, Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-12-1401-W | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | |
| Barton Gernandt, Jr. v. SandRidge Energy, Inc. et al | Case No. CIV-15-834-D | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | |
| Brian Thieme v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0206-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| James Hart, et al. v. SandRidge Energy, Inc., SandRidge Operating Company, SandRidge Exploration and Production, LLC, SandRidge Midstream, Inc., and Lariat Services, Inc. | Case No. CIV-14-00178-R | Wage Dispute | United States District Court, Western District of Oklahoma | Pending |
| James M. Van Meter and John L. Wright v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., SandRidge Exploration and Production, LLC, and Tom L. Ward | Case No. 16-CV-0403-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| Janet L. Lowry v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0284-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| Joan Brothers, Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-13-0167-W | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | |
| Deborah Depuy, Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-13-0069-W | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | |
| Derrick R. Herzog and Amy K. Herzog v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0325-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |

Debtor Name:          SandRidge Energy, Inc.                                                    Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Don Beadles, in Trust for the Alva Synagogue Church v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0238-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| Duane & Virginia Lanier Trust, Individually and On Behalf of All Others Similarly Situated v. SandRidge Energy, Inc. et al | Case No. CIV-15-634-M | Violation of Securities Law | United States District Court, Western District of Oklahoma | Pending |
| Catherine Jaunita Behrenbrinker v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Corp., and Tom L. Ward | Case No. 16-CV-0320-M, USDC | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| Christina A. Cummings v. SandRidge Energy, Inc., Mary L. Whitson, Robert Scott Griffin, Reliance Trust Company | Case No. CIV-15-892-D | Breach of Fiduciary Duty | United States District Court, Western District of Oklahoma | |
| The Ruby L. Stucky Trust dated April 22, 1997 v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-CV-0293-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| Ida Powers and Larry Powers v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., SandRidge Exploration and Production, LLC, and Tom L. Ward | Case No. 16-CV-0301-M | Price Fixing and Antitrust Violations | United States District Court, Western District of Oklahoma | |
| James M. Van Meter and John L. Wright v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., SandRidge Exploration and Production, LLC, and Tom L. Ward | Case No. 16-cv-0403-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Kevin T. Stocker v. SandRidge Energy, Inc., and Thomas L. Ward et al | Case No. 16-cv-0390-D | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |

| Debtor Name: | SandRidge Energy, Inc. | Case Number: | 16-32488 (DRJ) |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Duane & Virginia Lanier Trust, Individually and On Behalf of All Others Similarly Situated v. SandRidge Energy, Inc. et al | Case No. CIV-15-634-M | Violation of Securities Law | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Ida Powers and Larry Powers v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., SandRidge Exploration and Production, LLC, and Tom L. Ward | Case No. 16-cv-0301-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Curtis L. Crandall and Janet K. Crandall v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0306-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Catherine Jaunita Behrenbrinker v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Corp., and Tom L. Ward | Case No. 16-cv-0320-M, USDC | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Derrick R. Herzog and Amy K. Herzog v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0325-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Michelle White v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy Corp., and Tom L. Ward | Case No. 16-cv-0351-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Mahony-Killian, Inc., Edward Clark, Inc., and Cynthia Ann Schoeppel v. Chesapeake Energy Corp., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0358-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Thomas Davis v. Dynamic Offshore Resources, LLC and Wood Group USA, Inc. | Case No. 3:31-CV-242 | Personal injury | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |

Debtor Name:        SandRidge Energy, Inc.                                  Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| James Hart, et al. v. SandRidge Energy, Inc., SandRidge Operating Company, SandRidge Exploration and Production, LLC, SandRidge Midstream, Inc., and Lariat Services, Inc. | Case No. CIV-14-00178-R | Wage dispute | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Mickey Peck v. SandRidge Energy, Inc. | Case No. CIV-15-0950-F | Wage dispute | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Barton Gernandt, Jr. v. SandRidge Energy, Inc. et al | Case No. CIV-15-834-D | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Christina A. Cummings v. SandRidge Energy, Inc., Mary L. Whitson, Robert Scott Griffin, Reliance Trust Company | Case No. CIV-15-892-D | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Richard A. McWilliams v. SandRidge Energy, Inc. et al | Case No. CIV-15-1001-D | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Brian Thieme v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0206-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Don Beadles, in Trust for the Alva Synagogue Church v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0238-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Janet L. Lowry v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0284-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |

Debtor Name:          SandRidge Energy, Inc.                                    Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| The Ruby L. Stucky Trust dated April 22, 1997 v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Inc., and Tom L. Ward | Case No. 16-cv-0293-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Garvin Holdings, L.L.C. v. Chesapeake Energy Corp., Chesapeake Exploration, L.L.C., SandRidge Energy, Corp., and Tom L. Ward | Case No. 16-cv-0297-M | Price Fixing and Antitrust Violations | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| In re SandRidge Energy, Inc. | Case No. CIV-12-1341-W | Violation of Federal Securities Laws | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | On appeal |
| Louis Carbone, on behalf of Himself and All Others Similarly Situated v. SandRidge Energy, Inc., et. al. | Case No. CIV-13-0019-W | Violation of Federal Securities Laws | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Paul Elliot, on Behalf of the Paul Elliot IRA R/O, Derivatively on Behalf of SandRidge Energy, Inc. v. and SandRidge Energy, Inc., Nominal Defendant, et al | Case No. CIV-13-0102-W | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | On appeal |
| Arthur I. Levine, Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-12-1401-W | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Deborah Depuy, Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-13-0069-W | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Joan Brothers, Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-13-0167-W | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Lisa Ezell, et al., Derivatively on Behalf of SandRidge Energy, Inc. v. Tom L. Ward, et al., and SandRidge Energy, Inc., Nominal Defendant | Case No. CIV-13-0286-W | Breach of Fiduciary Duty | US DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA | Pending |
| Patriot Exploration, LLC et al. v. SandRidge Energy, Inc., et al. | Case No. 3:11-CV-01234-AWT | Securities Law Violations | US DISTRICT COURT OF CONNECTICUT | Concluded |

Debtor Name:          SandRidge Energy, Inc.                                    Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| Christopher Landry v. Wood Group PSN, Inc. | Docket No. 3:13-cv-146 | Personal injury | US DISTRICT COURT, MIDDLE DISTRICT OF LOUISIANA | Pending |
| Keith P. Thompson v. REC Marine Logistics, LLC, Gulf Crane Services, Inc., and Fieldwood Energy Offshore LLC, f/k/a Dynamic Offshore Resources, LLC | C.A. No. 3:13-CV-00370 | Personal Injury | US DISTRICT COURT, MIDDLE DISTRICT OF LOUISIANA | |
| Gabriel Cantu, Jr. v. CETCO Oilfield Services Company, L.L.C. v. SandRidge Energy, Inc | Civil Action No. 2:13-cv-00062 | Personal Injury | US DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS | Concluded |
| Christopher Landry v. Wood Group PSN, Inc. | Docket No. 3:13-CV-146 | Personal Injury | US DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION | Pending |
| Steve Surbaugh v. SandRidge Energy, Inc., Tom L. Ward, James D. Bennett, Eddie M. LeBlanc, and Randall D. Cooley | Case No. CIV-14-1252-D | Securities Law Violations | US DISTRICT COURT, WESTERN DISTRICT OF OKLAHOMA | Concluded |
| Steve Surbaugh v. SandRidge Energy, Inc., Tom L. Ward, James D. Bennett, Eddie M. LeBlanc, and Randall D. Cooley | Case No. CIV-14-1252-D | Securities Law Violations | US DISTRICT COURT, WESTERN DISTRICT OF OKLAHOMA | Concluded |
| Steven T. Dakil v. SandRidge Energy, Inc., Tom Ward, James D. Bennett, and Eddie M. LeBlanc | Case No. CIV-14-1256-R | Securities Law Violations | US DISTRICT COURT, WESTERN DISTRICT OF OKLAHOMA | Concluded |

Debtor Name:        SandRidge Energy, Inc.                                          Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 3, Question 8:** Assignments and receivership

| Custodian's name and address | Description of property | Case title | Case number | Date of order or assignment | Value | Court name and address |
|---|---|---|---|---|---|---|
| Wilmington Trust, N.A. Corporate Client Services 50 South Sixth Street Suite 1290 Minneapolis, MN 55402 | Escrow Funds | In re SandRidge Energy, Inc. Derivative Litigation | CIV-13-102-W | 10/7/2015 | Undetermined | United States District Court for the Western District of Oklahoma |

Debtor Name:        SandRidge Energy, Inc.                                    Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 6, Question 11:** Payments related to bankruptcy

| Who was paid or who received the transfer? | Email or website address | Who made the payment, if not debtor? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|---|
| ALVAREZ & MARSAL NORTH AMERICA, LLC 2100 ROSS AVENUE 21ST FLOOR DALLAS, TX 75201 | www.alvarezandmarsal.com | SandRidge Operating Company | | Various | $1,049,899.45 |
| HOULIHAN LOKEY CAPITAL INC 10250 CONSTELLATION BLVD. 5TH FLOOR LOS ANGELES, CA 90067 | www.hl.com | SandRidge Operating Company | | Various | $2,029,065.55 |
| KIRKLAND & ELLIS LLP 600 TRAVIS STREET SUITE 3300 HOUSTON, TX 77002 | www.kirkland.com | SandRidge Operating Company | | Various | $6,000,000.00 |
| PRIME CLERK LLC 830 3RD AVE NEW YORK, NY 10022 | www.primeclerk.com | SandRidge Operating Company | | Various | $103,919.31 |
| ZACH A CLEMENT 3753 DRUMMOND STREET HOUSTON, TX 77025 | zack.clement@icloud.com | SandRidge Operating Company | | 5/6/2016 | $25,000.00 |

All disbursements listed in Statement 11 were initiated and disbursed by SandRidge Operating Company, but were for the benefit of all Debtors.

Debtor Name: SandRidge Energy, Inc.                                    Case Number:   16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 7, Question 14:** Previous addresses

| Address | Dates of occupancy From | Dates of occupancy To |
|---------|-------------------------|------------------------|
| 363 N. SAM HOUSTON PKWY HOUSTON, TX 77060 | On or before 5/17/13 | 3/2015 |

Debtor Name:        SandRidge Energy, Inc.                                    Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 10, Question 18:** Closed financial accounts

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| BANK OF AMERICA<br>P.O. BOX 831547<br>DALLAS, TX 75283-1547 | 3925 | Savings | 7/15 | $4,027.57 |
| BANK OF OKLAHOMA<br>201 ROBERT S. KERR<br>OKLAHOMA CITY, OK 73102 | 1115 | Savings | 5/16 | $504.47 |
| BARCLAYS<br>745 -7TH AVE<br>15TH FLOOR<br>NEW YORK, NY 10019 | 1807 | Money market | 11/15 | $15,000,000.00 |
| BBVA COMPASS<br>2200 POST OAK BLVD<br>21ST FLOOR<br>HOUSTON, TX 77056 | 8269 | Money market | 10/15 | $0.00 |
| MORGAN STANLEY<br>100 CRESCENT STREET<br>SUITE 1100<br>DALLAS, TX 75201 | 0165 | Money market | 2/16 | $5,000,000.00 |
| RBC CAPITAL MARKETS<br>200 CRESCENT COURT<br>SUITE 1575<br>DALLAS, TX 75201 | 8350 | Money market | 5/16 | $22,700,000.00 |
| SUNTRUST<br>3333 PEACHTREE ROAD NE<br>11TH FLOOR<br>ATLANTA, GA 30308 | 0955 | Money market | 3/16 | $10,000,000.00 |
| SUNTRUST<br>3333 PEACHTREE ROAD NE<br>11TH FLOOR<br>ATLANTA, GA 30308 | 8939 | Other (CD - Collateral) | 3/16 | $5,000,031.42 |
| UBS<br>ONE NORTH WACKER DRIVE<br>25TH FLOOR<br>CHICAGO, IL 60606 | 87IJ | Money market | 5/16 | $0.00 |
| WELLS FARGO<br>1445 ROSS AVENUE<br>STE 4500<br>DALLAS, TX 75201 | 4582 | Other (CD - Collateral) | 1/16 | $1,000,428.77 |

Debtor Name:          SandRidge Energy, Inc.                                    Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 10, Question 20:** Off-premises storage

| Facility name and address | Names of anyone with access to it | Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| BK Garage - Off Site Storage 300 North Broadway Oklahoma City, OK 73102 | GOODMAN, JEAN AND HESKETT, TIM | 140 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73119 | Business Records | Yes |

As needed, the Debtor, from time to time, grants access to this facility to additional individuals.

Debtor Name:          SandRidge Energy, Inc.                                      Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 12, Question 22:** Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

| Case Title | Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| San Leon Production Facility | Investigation No. 40734 | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Failure to prevent dust emissions of silica sand dust | Concluded |
| Terrell Compressor Station | Investigation No. 686149 | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Failure of compressor engines to meet short-term emission limits | Concluded |
| Mitchell Compressor Station | Investigation No. 686683 | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Failure of compressor engines to meet short-term emission limits | Concluded |
| Grey Ranch Compressor Station | Investigation No. 686694 | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Failure of compressor engines to meet short-term emission limits | Concluded |
| TCEQ - Pikes Peak Plant | Investigation No. 950768 | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Failure of compressor engines to meet short-term emission limits | Concluded |

Debtor Name:          SandRidge Energy, Inc.                                    Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 12, Question 22:** Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

| Case Title | Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| Pikes Peak Plant | Undetermined | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Failure of compressor engines to meet short-term emission limits | Concluded |
| Grey Ranch Treater Plant | Investigation No. 878217 | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Failure to provide notice within 24 hours of reportable emissions event | Concluded |
| San Leon Production Facility | Investigation No. 1104033 | TEXAS COMMISSION OF ENVIRONMENTAL QUALITY OFFICE OF ENVIRONMENTAL COMPLIANCE & ENFORCEMENT PO BOX 13087 AUSTIN, TX 78711-3087 | Flow of unauthorized emmissions | Concluded |

Debtor Name:          SandRidge Energy, Inc.                                          Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 25:** Other businesses in which the debtor has or has had an interest

| Business name and address | Describe the nature of the business | Employer identification number | Date business existed From | Date business existed To |
|---|---|---|---|---|
| BLACK BAYOU EXPLORATION, L.L.C. 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Owns various land leases. | 20-4790561 | 4/28/2006 | Present |
| CORNHUSKER ENERGY, L.L.C. 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Has no operations or assets. | 73-1474609 | 9/21/2007 | Present |
| FAE HOLDINGS 389322R, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Has no operations or assets. | N/A | 1/8/2007 | Present |
| LARIAT SERVICES, INC. 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Performs onshore drilling and other oil field services for both affiliates and non-affiliates. | 75-2500702 | 8/5/1993 | Present |
| MIDCONTINENT RESOURCES, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Holds oil and gas leases. | 20-0096928 | 7/15/2003 | Present |
| MISTMADA OIL COMPANY, INC. 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Temporarily holds oil and gas interests being conveyed to royalty trusts. | 73-1393032 | 11/19/1991 | Present |
| SABINO EXPLORATION, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Holds oil and gas leases. | 20-5931929 | 11/17/2006 | Present |
| SANDRIDGE CO2, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Captures CO2. | 76-0547903 | 9/11/1997 | Present |
| SANDRIDGE HOLDINGS, INC. 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Holds SandRidge Exploration and Production, LLC. | 20-5878401 | 11/14/2006 | Present |
| SANDRIDGE MIDSTREAM, INC. 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Provides gathering, compression and treatment of natural gas and delivery of electricity for both affiliates and non-affiliates. | 75-2541148 | 8/5/1993 | Present |
| SANDRIDGE OPERATING COMPANY 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Performs management and payroll services. | 75-2541245 | 5/20/1994 | Present |
| SANDRIDGE REALTY, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Owns non-gas and oil real estate interests. | 26-0586079 | 6/27/2007 | Present |
| SANDRIDGE TERIARY, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Owns and operates enhanced oil recovery projects. | 20-1918006 | 12/21/2005 | 6/1/2012 |
| SIERRA MADERA CO2 PIPELINE, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Holds non-operating working interests in wells and under-developed land. | 47-0881558 | 7/30/2002 | Present |
| WTO GAS GATHERING COMPANY, LLC 123 ROBERT S. KERR AVENUE OKLAHOMA CITY, OK 73102 | Attends to pipeline condemnation. | N/A | 2/6/2008 | Present |

Debtor Name: SandRidge Energy, Inc.                                                    Case Number:   16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and address | Dates of service From | Dates of service To |
| --- | --- | --- |
| ARRA, MARK<br>VICE PRESIDENT-OPERATIONS ACCOUNTING<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | 11/22/2006 | Present |
| BOTT, JULIAN<br>CHIEF FINANCIAL OFFICER<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | 8/17/2015 | Present |
| COOLEY, RANDY<br>EXECUTIVE VICE PRESIDENT AND CHIEF ACCOUNTING<br>OFFICER<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | 11/22/2006 | 2/3/2016 |
| DOLTON, CLIFFORD A.<br>VICE PRESIDENT-TAX<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | 12/2008 | Present |
| KLEIN, LISA<br>VICE PRESIDENT-FINANCIAL REPORTING<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | 1/16/2007 | Present |
| LEBLANC, EDDIE M.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | 7/8/2013 | 9/1/2015 |

Debtor Name:          SandRidge Energy, Inc.                                          Case Number:          16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| ARRA, MARK<br>VICE PRESIDENT-OPERATIONS ACCOUNTING<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | |
| BOTT, JULIAN<br>CHIEF FINANCIAL OFFICER<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | |
| DOLTON, CLIFFORD A.<br>VICE PRESIDENT-TAX<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | |
| KLEIN, LISA<br>VICE PRESIDENT-FINANCIAL REPORTING<br>123 ROBERT S. KERR AVENUE<br>OKLAHOMA CITY, OK 73102 | |
| PRICEWATERHOUSE COOPERS LLP<br>PO BOX 952282<br>DALLAS, TX 75395-2282 | |

Debtor Name:        SandRidge Energy, Inc.                                    Case Number:        16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

| Name and address |
| --- |
| BANK OF AMERICA, N.A.<br>231 SOUTH LASALLE STREET<br>MAIL CODE IL1-321-08-30<br>CHICAGO, IL 60697 |
| BANK OF NOVA SCOTIA<br>ONE LIBERTY PLAZA<br>NEW YORK, NY 10006 |
| BARCLAYS<br>5 THE NORTH COLONNADE<br>CANARY WHARF<br>LONDON E14 4BB, UNITED KINGDOM |
| CITIBANK , N.A.<br>2800 POST OAK BLVD SUITE 500<br>HOUSTON, TX 77056 |
| GOLDMAN SACHS CO<br>30 HUDSON STREET<br>JERSEY CITY, NJ 07302 |
| MACQUARIE BANK LIMTED SYDNEY<br>1 MARTIN PLACE<br>SYDNEY NSW 2000, AUSTRALIA |
| ROYAL BANK OF CANADA<br>20 KING STREET WEST, 4TH FLOOR<br>TORONTO, ON M5K 1C4 CANADA |
| U.S. BANK NATIONAL ASSOCIATION<br>5555 SAN FELIPE STREET, 11TH FLOOR<br>HOUSTON, TX 77056 |
| WELLS FARGO, NATIONAL ASSOCIATION<br>750 N SAINT PAUL ST, SUITE 1750<br>DALLAS, TX 75201 |

Debtor Name: SandRidge Energy, Inc.                                   Case Number:   16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| ARRA, MARK T.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President, Accounting Operations | Less than 1% |
| BEASLEY, STEPHEN C.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| BENNETT, JAMES D.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| BENNETT, JAMES D.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Chief Executive Officer and President | Less than 1% |
| BOTT, JULIAN M.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Executive Vice President, CFO and Treasurer | Less than 1% |
| BRAWLEY, JOHN M.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President, Corporate Finance & Development | Less than 1% |
| BREWER, JIM J.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| BYRNE, JUSTIN P.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Associate General Counsel and Assistant Corporate Secretary | Less than 1% |
| COATES, TODD L.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President - Information Technology | Less than 1% |
| DOBSON, EVERETT<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| DOLTON, CLIFFORD A.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President, Tax | Less than 1% |
| DYKES, GREGORY B.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President - EHS and Oilfield Services | Less than 1% |
| GALVIN, LANCE J.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Senior Vice President - Reserves, Technology & Business Development | Less than 1% |
| GOFF, RONALD T.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President - Drilling | Less than 1% |
| GRIFFIN, R. SCOTT<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Senior Vice President - People and Culture | Less than 1% |
| GRUBERT, DUANE M.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Executive Vice President - Investor Relations and Strategy | Less than 1% |
| KELLY, DARRELL T.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President - Midstream & Facilities | Less than 1% |
| KLEIN, LISA E.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President - Financial Reporting | Less than 1% |

Debtor Name: SandRidge Energy, Inc.                                     Case Number:   16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and address | Position and nature of any interest | % of interest, if any |
|---|---|---|
| MASINO, BILL H.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Senior Vice President - Rockies | Less than 1% |
| MONEYPENNY, EDWARD W.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| SEROTA, JEFFREY S.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| STICE, J. MIKE<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| SUTER, JOHN<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Senior Vice President - Mid-Continent | Less than 1% |
| TURK, STEVEN D.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Executive Vice President and Chief Operating Officer | Less than 1% |
| WARMAN, PHILIP T.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Senior Vice President, General Counsel and Corporate Secretary | Less than 1% |
| WEBER, ALAN J.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |
| WESTBROOK, DAN A.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Director | Less than 1% |

Debtor Name: SandRidge Energy, Inc.                                                  Case Number: 16-32488 (DRJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name and address | Position and nature of any interest | Period during which position or interest was held From | Period during which position or interest was held To |
|---|---|---|---|
| CLEMENT, KEVIN C.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Executive Vice President | 10/31/14 | 2/3/16 |
| COOLEY, RANDALL D.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Senior Vice President | 4/30/08 | 2/3/16 |
| DAVIS, GEORGE<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President | 10/15/10 | 2/3/16 |
| HOLSTROM, KYLE K.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President | 10/31/14 | 12/4/15 |
| JOHNSON, CRAIG A.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Executive Vice President | 8/18/14 | 2/3/16 |
| LEBLANC, EDDIE M.<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Executive Vice President & CFO | 7/8/13 | 9/1/15 |
| NIVEN, JASON<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President | 12/16/13 | 12/21/15 |
| STRAWN, LARRY<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President | 10/15/10 | 2/3/16 |
| WILSON, JEFFREY<br>123 ROBERT S. KERR AVE<br>OKLAHOMA CITY, OK 73102 | Vice President | 6/30/14 | 7/2/15 |