IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **SANDRIDGE ENERGY, INC.,** *et al.*,[1] | § | Case No. 16-32488 (DRJ) |
| | § | **Chapter 11** |
| | § | **Jointly Administered** |
| DEBTORS. | § | |

### AD HOC GROUP OF SECOND LIEN NOTEHOLDERS' REPLY IN SUPPORT OF THE DEBTORS' DISCLOSURE STATEMENT MOTION

The ad hoc group of holders of SandRidge Energy, Inc.'s 8.75% senior secured notes due 2020 (the "**Ad Hoc Group of Second Lien Noteholders**") hereby files this reply (this "**Reply**") to the objections [Dkt. Nos. 281, 511] (the "**Committee Objection**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") to the Debtors' *Motion for Entry of an Order (i) Approving the Adequacy of the Disclosure Statement, (ii) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Debtors' Proposed Joint Plan of Reorganization, (iii) Approving the Forms of Ballots and Notices in Connection Therewith,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: SandRidge Energy, Inc. (4793); 4th Street Properties, LLC (N/A); Black Bayou Exploration, L.L.C. (0561); Braniff Restaurant Holdings, LLC (2453); CEBA Gathering, LLC (6478); CEBA Midstream GP, LLC (0511); CEBA Midstream, LP (7252); Cholla Pipeline, L.P. (5092); Cornhusker Energy, L.L.C. (4609); FAE Holdings 389322R, LLC (N/A); Integra Energy, L.L.C. (7527); Lariat Services, Inc. (0702); MidContinent Resources, LLC (6928); Mistmada Oil Company, Inc. (3032); Piñon Gathering Company, LLC (5943); Sabino Exploration, LLC (1929); Sagebrush Pipeline, LLC (0515); SandRidge CO2, LLC (7903); SandRidge Exploration and Production, LLC (6535); SandRidge Holdings, Inc. (8401); SandRidge Midstream, Inc. (1148); SandRidge Operating Company (1245); SandRidge Realty, LLC (6079); Sierra Madera CO2 Pipeline, LLC (1558); and WTO Gas Gathering Company, LLC (N/A).  The location of the Debtors' service address is: 123 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102.

[2] In addition to the Committee Objection, the DS Motion received objections from several other parties [Dkt. Nos. 246, 265, 277, 294, 422, 477, 479, 480, 481].  The Ad Hoc Group of Second Lien Noteholders reserve all rights with respect to these other objections.

*(iv) Scheduling Certain Dates with Respect Thereto, and (v) Granting Related Relief* [Dkt. No. 148] (the "**DS Motion**").[3]

## PRELIMINARY STATEMENT

1. The Ad Hoc Group of Second Lien Noteholders understands that all but two of the issues raised by the Committee in its objection have been resolved. These closely-related open issues are (i) the permissibility of the consensual third party release and exculpation provisions of the Plan (the "**Releases**") and (ii) the mechanics governing how third party releases are granted.

2. The permissibility of the consensual third-party release and exculpation provisions and the "opt-out" ballot mechanics are questions that are properly addressed at confirmation, and the Committee's Objection should be overruled with respect to these points on that basis alone. However, the Ad Hoc Group of Second Lien Noteholders further submits that the Releases are wholly appropriate in the context of these cases and in keeping with governing Fifth Circuit law. The Debtors entered bankruptcy with a Restructuring Support Agreement that offers a path forward to emergence supported by the vast majority of the Debtors' secured and unsecured creditors. That agreement represents a compromise through which the second lien noteholders – the fulcrum security in these Cases – are providing substantial value to unsecured creditors in order to facilitate a smooth and value-maximizing restructuring. In this context, the Releases are wholly appropriate.

---

[3] Capitalized terms used and not defined herein have the meaning ascribed to them in the DS Motion.

2

**ARGUMENT**

I.  **The Committee's Objection to the Plan's Releases Is a Confirmation Issue**

3.  Bankruptcy courts have routinely held that challenges to plan confirmation are not ripe for consideration at the disclosure statement phase, but instead should be addressed at confirmation. *See* Tr. of Hr'g at 39:18-40:11, *In re Midstates Petroleum Co., Inc.*, Case No. 16-32237 (DRJ) (Bankr. S.D. Tex. July 7, 2016) (approving disclosure statement and noting that issues with releases are potential problems to be dealt with at confirmation); *In re Innkeepers USA Trust*, 448 B.R. 131, 148 (Bankr. S.D.N.Y. 2011) (holding objections asserting that "release provisions [were] overly broad and should not be approved absent the consent of each releasing party" were "best categorized as confirmation objections"); *In re Adell*, 325 B.R. 883, 886 (Bankr. M.D. Fla. 2005) (rejecting attempt to have confirmation issues considered prior to the confirmation hearing); *In re CRIIMI MAE, Inc.*, 251 B.R. 796, 799 (Bankr. D. Md. 2000) (noting that "objections to confirmation of the plan, as opposed to the adequacy of disclosure of information in the Disclosure Statement, would not be heard and determined at the [disclosure statement] [h]earing"). In its objection, the Committee argues broadly that "the Bankruptcy Code does not authorize the release and permanent injunction of claims against non-debtors." *See* Comm. Obj. at ¶ 48. This is precisely the type of issue that this Court in *Midstates* and several other courts have found to be properly addressed at plan confirmation. Indeed, the Committee does not attempt to hide the fact that it is prematurely raising confirmation issues. *See* Comm. Obj. at ¶ 44 (acknowledging appropriateness of third party releases in the Plan as a "confirmation issue").

4.  In some limited circumstances, a court may refuse to approve a disclosure statement where the disclosure statement "describes a plan of reorganization which is so fatally

3

flawed that confirmation is impossible." *In re U.S. Brass Corp.*, 194 B.R. 420, 428 (Bankr. E.D. Tex. 1996) (citing *In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990)); *see also In re Sanders*, No. 14-02271-NPO, 2015 Bankr. LEXIS 3987, at *16 (Bankr. S.D. Miss. Nov. 23, 2015). The Committee has not shown or argued that the Plan is "fatally flawed," nor could it. Courts in this jurisdiction routinely permit confirmation of plans that contain releases of non-debtors where such releases are consensual, integral to the plan and given for consideration. *See, e.g.*, *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1050 (5th Cir. 1987); *In re Wool Growers Cent. Storage Co.*, 371 B.R. 768, 776 (Bankr. N.D. Tex. 2007). Here, the Releases were integral to the Restructuring Support Agreement and were given in exchange for material concessions, including agreement for the consensual use of Cash Collateral to fund the Debtors' operations during these cases and settlement of several potential disputes regarding junior creditors' entitlements to recoveries on account of their claims. Accordingly, the Committee's premature objection to confirmation of the Plan should be overruled.

## II.   To the Extent the Committee Objects to the Adequacy of Disclosure with Respect to the Releases, the Disclosure Statement Contains Adequate Information

5.   To the extent the Committee truly objects to the adequacy of information related to the Releases in the Disclosure Statement, that objection should also be overruled. Adequate information is "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor . . . that would enable [a hypothetical investor typical of the holders of claims or interests] of the relevant class to make an informed judgment about the plan." *In re ReoStar Energy Corp.*, Case No. 10-47176, 2012 Bankr. LEXIS 2418, at *4 (Bankr. N.D. Tex. May 30, 2012). In fact, "[t]he primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan." *In re ISC Bldg. Materials, Inc.*, Case No. 10-35732, 2011 Bankr. LEXIS 2036, at *12 (Bankr. S.D. Tex.

Feb. 10, 2011) (citing *Prudential Ins. Co. of Am. v. Monnier* (*In re Monnier Bros.*), 755 F.2d 1336 (8th Cir. 1985)); *In re Energy Partners, Ltd.*, Case No. 09-32957, 2009 Bankr. LEXIS 5002, at *3 (Bankr. S.D. Tex. June 16, 2009). The Plan's release provisions are thoroughly discussed and disclosed in the Disclosure Statement. *See* Disclosure Statement at I.M, V.B.9. The Disclosure Statement not only discloses the text of the Releases in prominent bold type, but it also describes who will be released, whose claims will be released and what types of claims will be released. The Ad Hoc Group of Second Lien Noteholders respectfully submits that the Disclosure Statement contains adequate information with respect to the Releases.

### III.   The Opt-Out Mechanism of the Ballots Is Appropriate and Need Not Be Changed

6.   The Committee objects that the Ballots contain an "opt-out" mechanism for granting a third party release under the Plan rather than an "opt-in" mechanism. *See* Comm. Obj. at ¶¶ 52-55. The Committee correctly asserts that "[c]reditor consent is a crucial factor for courts to consider when evaluating the propriety of third party releases in a chapter 11 plan." *See id.* at ¶ 53 (citing *In re Bigler LP*, 442 B.R. 537, 549 (Bankr. S.D. Tex. 2010)). Yet, the Committee fails to cite any law that suggests that the opt-in mechanic is required for a third party release to be consensual. To the contrary, the case law suggests otherwise. *See, e.g.*, *In re Edge Petroleum Corp.*, Case No. 09-20644, 2009 Bankr. LEXIS 4979, at *22 (Bankr. S.D. Tex. Dec. 14, 2009) (releases by claimholders who "voted in favor of the Plan, who abstained from voting and choose not to opt out of the releases, or who have otherwise consented to give a release, are consensual").[4] The Disclosure Statement and the Ballots clearly describe the releases, who

---

[4] Moreover, courts in this district routinely approve Ballots for solicitation that include an "opt-out" mechanism. *See, e.g.*, *In re Midstates Petroleum Co., Inc.*, No. 16-32237 (DRJ) [Dkt. No. 388] (Bankr. S.D. Tex. Apr. 30, 2016); *see also In re RAAM Global Energy Co.*, No. 15-35615 (MI) [Dkt. No. 271] (Bankr. S.D. Tex. Oct. 26, 2015); *In re Energy & Exploration Partners, Inc.*, No. 15-44931 (RFN) [Dkt. No. 537] (Bankr. N.D. Tex. Dec. 7, 2015).

5

would be deemed to grant them and the appropriate mechanism for opting out. Indeed, the Disclosure Statement and Ballots were sufficiently clear that the Committee accurately described them in its objection. *See* Comm. Obj. at ¶ 52; *see also* Tr. of Hr'g at 40:7-10, *In re Midstates Petroleum Co., Inc.*, Case No. 16-32237 (DRJ) (Bankr. S.D. Tex. July 7, 2016) ("I think that people can see what's going on [with the releases]. The committee's objections make it very clear to me that everyone understands exactly what's going on."). Here, too, everyone understands the mechanism for granting or opting out of the third party releases, and solicitation of the Plan need not be hindered or delayed.

## RESERVATION OF RIGHTS

7. The Ad Hoc Second Lien Group fully reserves its rights (i) to be heard before the Court with regard to the Disclosure Statement and the DS Motion, (ii) with respect to the Committee Objection in relation to confirmation of the Plan or under any other circumstances which may arise, including without limitation, the right to more fully brief any and all issues discussed herein in connection with confirmation of the Plan, and (iii) with respect to any arguments in the Committee Objection that have not been fully resolved between the Committee and the Debtors.

## CONCLUSION

8. For the foregoing reasons, the Ad Hoc Group of Second Lien Noteholders respectfully requests that the Court (i) overrule the Committee Objection, (ii) grant the DS Motion and (iii) enter the Final Order in the form submitted by the Debtors.

DATED: July 15, 2016

Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Henry Flores*
Henry Flores
Texas State Bar No. 00784062
Kourtney Lyda
Texas State Bar No. 24013330
Veronica Cruz
Texas State Bar No. 24097554
1221 McKinney, Suite 2100
Houston TX  77010
Telephone No.:  (713) 547-2000
Facsimile No.:   (713) 547-2600
Email:  henry.flores@haynesboone.com
Email:  kourtney.lyda@haynesboone.com
Email:  veronica.cruz@haynesboone.com

**DAVIS POLK & WARDWELL LLP**

Damian S. Schaible, Esquire
Eli J. Vonnegut, Esquire
Christopher S. Robertson, Esquire
450 Lexington Avenue
New York, NY  10017
Telephone:  (212) 450-4000
Facsimile:  (212) 701-5800
Email: damian.schaible@davispolk.com
eli.vonnegut@davispolk.com
christopher.robertson@davispolk.com

*Counsel for the Ad Hoc Second Lien Group*